[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10496
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00291-SCJ-AJB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCELINO SANCHEZ-MATA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 19, 2016)

Before HULL, WILSON and ROSENBAUM, Circuit Judges.

PER CURIAM:

After pleading guilty to reentry of a deported alien, in violation of 8 U.S.C.

§ 1326(a), (b)(2), Marcelino Sanchez-Mata ("Sanchez") appeals his 54-month

sentence, imposed below the advisory guidelines range of 57 to 71 months imprisonment.  On appeal, Sanchez argues that his sentence is substantively unreasonable.  After review, we affirm.

## I.  REASONABLENESS

"We review the reasonableness of a sentence for an abuse of discretion using a two-step process."  United States v. Cubero, 754 F.3d 888, 892 (11th Cir. 2014) (quotation marks omitted).  We look first at whether the sentencing court committed any procedural error and then at whether the sentence is substantively unreasonable in light of the 18 U.S.C. § 3553(a) factors and the totality of the circumstances.[1]  Id.  The party who challenges the sentence bears the burden to show it is unreasonable.  United States v. Alvarado, 808 F.3d 474, 496 (11th Cir. 2015).  The weight given to any particular § 3553(a) factor is within the district court's discretion, and this Court will not substitute its judgment for that of the district court.  Id. We will reverse a sentence only if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range

---

[1]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

of reasonable sentences dictated by the facts of the case." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation marks omitted).

## II.  SANCHEZ'S CLAIM

Sanchez does not raise any procedural error with respect to his sentencing or argue that his guidelines range was incorrectly calculated.  As to substantive reasonableness, Sanchez contends the district court should have given him a more substantial downward variance because his criminal history category of IV, although correctly calculated, overstated the seriousness of his criminal history and because he re-entered the United States only to reunite with his children.

Sanchez has not shown that his 54-month sentence is substantively unreasonable.  At sentencing, Sanchez conceded that his criminal history category IV was properly calculated, but argued it overstated his criminal history.  In asking for a downward variance, Sanchez emphasized: (1) the passage of time between his 2005 Georgia conviction for conspiracy to commit methamphetamine trafficking and his 2013 California conviction for possession for sale of methamphetamine; (2) the fact that his 2013 conviction increased both his offense level (pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(i)) and his criminal history category; (3) his difficult childhood in Mexico; and (4) his reason for illegally reentering, which was to see his six U.S.-born children from whom he had been estranged.  Sanchez asked for a 46-month sentence, the low end of the guidelines ranges that would have resulted

if he had a criminal history category of III.  Sanchez then addressed the court personally and asked for a fair sentence so he could return to Mexico and care for his three youngest children living there.

The government suggested that a downward variance was appropriate to account for the time that Sanchez served in Immigration and Customs Enforcement ("ICE") custody, but opposed any further variance based on Sanchez's criminal history.  The government pointed out, inter alia, that Sanchez committed new criminal conduct upon reentering the United States and that Sanchez's offense level and criminal history category were properly increased based on his 2013 Georgia drug trafficking conviction.

After hearing the parties' arguments and calculating the advisory guidelines range of 57 to 71 months, the district court agreed to vary downward by three months for Sanchez's time in ICE custody.  However, the district court rejected Sanchez's request for a variance based on his criminal history category, as follows:

> Taking into consideration the [§]3553(a) factors, I am going to respectfully . . . disagree with you on changing the criminal history category.  In looking at this, Mr. Sanchez-Mata, you have prior drug convictions in this case to go along with the fact that you were previously deported and then returned to America.

The district court stated that "with that in mind," the appropriate sentence was 54 months.

The district court did not abuse its discretion in denying Sanchez's request for an additional 8-month downward variance based on Sanchez's criminal history. In addition to the two drug trafficking convictions in 2005 and 2013 that counted toward Sanchez's criminal history score of 8 and criminal history category of IV, Sanchez also had prior California convictions for possession or purchase of narcotics for sale in 1991 and public intoxication and vandalism in 1994, which did not receive any criminal history points. Further, Sanchez committed a second methamphetamine trafficking offense in the United States after having been deported and while still under his probationary sentence for his first methamphetamine trafficking offense. The district court considered Sanchez's mitigating personal circumstances, such as his obligations to his family and his difficult upbringing, but obviously concluded that they were outweighed by his history of drug convictions, both before and after his deportation, and the § 3553(a) factors that history implicated.

Sanchez has given us no reason here to substitute our judgment for the district court's in weighing the § 3553(a) factors. See United States v. Dougherty, 754 F.3d 1353, 1361 (11th Cir. 2014). Under the circumstances, the district court was within its discretion to conclude that Sanchez's criminal history was not overrepresented and to refuse to vary downward any further.

**AFFIRMED.**

5